UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VDF FUTURECEUTICALS, INC., | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 13-cv-407 ) |
| JOSEPH A. LEWIS II; J&J TECHNOLOGIES, LC; and STIEFEL LABORATORIES, INC., | ) Judge John W. Darrah ) ) |
| Defendants. | ) ) |

# MEMORANDUM OPINION AND ORDER

## BACKGROUND

A more detailed discussion of the history of this case is stated in the Court's Memorandum Opinion and Order issued on June 25, 2014. A brief summary of the Complaint and the summary judgment ruling is useful here. VDF FutureCeuticals, Inc. ("FC") filed an Amended Complaint against Joseph A. Lewis II ("Lewis"); J&J Technologies, LC ("J&J"); and Stiefel Laboratories, Inc. ("Stiefel") (collectively, "Defendants"), on December 14, 2012, in the Circuit Court of Cook County, Illinois. Plaintiff alleges eight claims against Defendants: (I) breach of contract and the duty of good faith and fair dealing against J&J; (II) alter-ego liability against Lewis for breach of contract by J&J; (III) alter-ego liability against Stiefel for breach of contract by J&J; (IV) unjust enrichment against Lewis; (V) conversion against Lewis; (VI) breach of fiduciary duty against Lewis; (VII) tortious interference with a contract against Stiefel; and (VIII) conspiracy to tortiously interfere with a contract against Lewis, J&J, and Stiefel.

The suit was removed to federal court on January 18, 2013. On February 6, 2014, Stiefel and J&J moved for partial summary judgment with respect to: certain allegations of breach

within Count I; any tortious interference claim based on these allegations; and establishing a contractual limitation on FC's potential damages. On February 13, 2014, Lewis was granted leave to join Stiefel and J&J's Motion for Partial Summary Judgment. On June 25, 2014, the Court granted the motion in part and denied it in part. The Court granted summary judgment on the claim that the Membership Interest Purchase Agreement ("MIPA"), whereby Stiefel acquired J&J's outstanding membership interests ("Stiefel Transaction"), was an improper assignment or transfer of the License Agreement. The Court also granted summary judgment on the claim that plaintiff was entitled to a share of the amounts paid by Stiefel to J&J in the Stiefel Transaction.

FC moved for entry of judgment under Federal Rule of Civil Procedure 54(b), on June 27, 2014. The motion has been fully briefed.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) provides that:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.P. 54(b). To determine if Rule 54(b) certification is appropriate, two determinations must be made: first, the court must determine if judgment is final; then, the court must decide if there is any just reason to delay the appeal. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980). Determining whether a judgment is appealable under Rule 54(b) "involves comparing the issues at stake in the appealed claims and those remaining in the district court." *Marseilles Hydro Power, LLC, v. Marseilles Land & Water Co.*, 518 F.3d 459, 464 (7th Cir.

2008). The Court has discretion to enter a Rule 54(b) judgment when claims are "legally distinct and involve at least some separate facts." *Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1263, 1368 (7th Cir. 1990).

## ANALYSIS

FC claims that the Court's order deciding the summary judgment motion dismisses all claims arising from the Stiefel Transaction, including: FC's breach of contract claims regarding the Stiefel Transaction, FC's tortious interference claim, and FC's conspiracy to tortiously interfere claim. Defendants assert that all claims arise from the same factual background concerning: the status and relationship of the parties; the execution, evolution, and amendments to the License agreement between FC and J&J; the subsequent sublicenses with Steifel and U.S. CosmeceuTechs, LLC; and the parties' intent and courses of performance under each agreement.

Plaintiff is correct that all claims arising from the Stiefel Transaction were disposed of by the Court's summary judgment order. While all of FC's claims arise from the same general factual background, they do not arise from the same facts. *See Minority Police Officers Ass'n of South Bend v. City of South Bend, Ind.*, 721 F.2d 197, 200 (7th Cir. 1983) (Supreme Court has rejected the approach that claims are never separate if they arise out of the same factual setting). The fact that the remaining claims stem from the same contract is not necessarily fatal to judgment under Rule 54(b). *See, e.g., Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1163 (claims based on the same check were separate); *Cohn v. Taco Bell Corp.*, No. 92-cv-5852, 1994 WL 174128, at *4 (N.D. Ill. May 5, 1994) (claims were separate even though they arose from the same franchise agreement). The remaining claims involve transactions subsequent to the Stiefel Transaction or separate legal issues. Thus, while there are

overlapping facts, there are at least some separate facts. *See Olympia Hotels Corp.*, 908 F.2d at 1368. The judgment on FC's two claims was final as those claims were legally distinct and involved some separate facts.

After determining that the Court's summary judgment order disposed of claims that are legally distinct and involve some separate facts, the Court must also determine if there is any just reason to delay the appeal. *See Curtiss-Wright Corp.*, 446 U.S. at 7-8. "In determining whether there is no just reason for delay, the district court may properly consider all of the consequences of a final judgment or the lack thereof and balance the competing interests of the parties in the context of the particular case." *Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 949 (7th Cir. 1980). A non-exclusive list of factors for the Court to consider was given by the Seventh Circuit:

> (1) The relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 949 (7th Cir. 1980) (citing *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

As previously discussed, the adjudicated claims are separate from the unadjudicated claims. The need for further review would not be mooted by future developments in the district court. The appellate court may be obliged to consider a similar issue a second time should the summary judgment order be reversed and once the disposed of claims are fully litigated. There is no claim or counterclaim that would off-set the judgment sought to be made final, as summary judgment disposed of claims. As to economic and time considerations, the Court granted

4

summary judgment on two aspects of law that, should the Court's order be overturned, would result in a lengthy trial on various issues. If FC's motion is denied and the remaining claims adjudicated, FC would doubtlessly appeal the same issues which they are asking the Court to certify for judgment. After considering all of the consequences of a final judgment or lack thereof and balancing the competing interests of the parties, the Court finds that there is no just reason to delay the appeal.

## CONCLUSION

Plaintiff's Motion to Certify Judgment pursuant to Fed.R.Civ.P. 54(b) is granted. The clerk is directed to enter an Amended Judgment Order, indicating that final judgment is entered in favor of Defendants, pursuant to Fed.R.Civ.P. 54(b).

Date: 9/10/14

JOHN W. DARRAH
United States District Court Judge