UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VDF FUTURECEUTICALS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-cv-407 |
| JOSEPH A. LEWIS II; | ) |
| J&J TECHNOLOGIES, LC; and | ) Judge John W. Darrah |
| STIEFEL LABORATORIES, INC., | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Magistrate Judge Martin denied Defendants' Joint Motion for a Protective Order on September 5, 2014. Defendants Stiefel Laboratories, Inc. ("Stiefel") and J&J Technologies, LC ("J&J"), filed an objection to that order [141], which Defendant Joseph A. Lewis joined [142].

## **BACKGROUND**

On February 6, 2014, Stiefel and J&J moved for partial summary judgment with respect to: certain allegations of breach within Count I; any tortious interference claim based on these allegations; and establishing a contractual limitation on VDF's potential damages. On February 13, 2014, Lewis was granted leave to join Stiefel and J&J's Motion for Partial Summary Judgment. On June 25, 2014, the Court granted the motion in part and denied it in part. The Court granted summary judgment on the claim that the Membership Interest Purchase Agreement ("MIPA"), whereby Stiefel acquired J&J's outstanding membership interests ("Stiefel Transaction"), was an improper assignment or transfer of the License Agreement. The Court also granted summary judgment on the claim that Plaintiff was entitled to a share of the amounts paid by Stiefel to J&J in the Stiefel Transaction.

VDF moved for entry of judgment under Federal Rule of Civil Procedure 54(b), on June 27, 2014. The Court certified judgment on claims arising from the Stiefel Transaction, including: VDF's breach of contract claims regarding the Stiefel Transaction, VDF's tortious interference claim, and VDF's conspiracy to tortiously interfere claim.

## LEGAL STANDARD

This issue is governed by Federal Rule of Civil Procedure 72(a), which provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed.R.Civ.P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus., Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). To prevail on their objections, Defendants must show that Judge Martin's order was clearly erroneous or contrary to law. *See Makowski v. Smith Amundsen LLC*, No. 08-CV-6912, 2012 WL 3643909, at *1 (N.D. Ill. Aug. 21, 2012).

## ANALYSIS

Defendants object to Magistrate Judge Martin's denial of their Joint Motion for Protective Order on September 4, 2014. The Motion was denied because Magistrate Judge Martin found: "Plaintiff has shown that discovery regarding the Stiefel Transaction and the MIPA may be relevant to several of its claims." (Dkt. 133, p.2.)

Defendants argue that this ruling is inconsistent with this Court's decision to certify judgment under Federal Rule of Civil Procedure 45(b). Specifically, they argue that if Magistrate Judge Martin believed that Steifel's acquisition of J&J was the predicate for the contract claims, both dismissed and remaining, and the fiduciary duty claim, then Rule 45(b) would have been inappropriate. Defendants paint with too broad a brush.

The claims were certified for judgment under Federal Rule of Civil Procedure 45(b) because they were legally distinct from the other claims, *even though there was some factual overlap. See Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1263, 1368 (7th Cir. 1990) (Rule 54(b) judgment appropriate where claims are "legally distinct and involve at least some separate facts"). Rule 54(b) certification is inappropriate when there is *complete* factual overlap. Since there is some factual overlap, discovery on the uncertified claims will necessarily encroach on the certified claims. Magistrate Judge Martin ruled that VDF had a number of claims that partially involved the Stiefel Transaction and the MIPA, not that the claims arose from them. A court may order "discovery of any matter relevant to the subject matter involved in the action." Fed. R.Civ.P. 16(b)(1).

Magistrate Judge Martin's order was not clearly erroneous or contrary to law.

## CONCLUSION

For the reasons discussed above, Magistrate Judge Martin's September 4, 2014 order is affirmed.

Date:    January 14, 2015

JOHN W. DARRAH
United States District Court Judge